## No. 27164

### The People of the State of Colorado v. Mary Catherine Oldefest

(557 P.2d 417)

Decided December 13, 1976.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Deputy, for plaintiff-appellant.

Simon, Eason, Hoyt & Malone, P.C., J. Mark Hannen, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People ask us to review a ruling of the district court which dismissed an appeal from the county court. We affirm.

Defendant was charged on December 23, 1973, with the offenses of driving a motor vehicle while under the influence of intoxicating liquor, 1969 Perm. Supp., C.R.S. 1963, 13-5-30(1)(a),[1] and with careless driving, C.R.S. 1963, 13-5-32.[2]

As a result of her arrest, defendant submitted to a breath test on the "Stephenson Model 900 Breathalyzer." The result indicated .13% by weight of alcohol in defendant's blood.

Pursuant to these charges, defendant filed a Motion for Discovery and Inspection, specifically asking for the ampoules used in the Breathalyzer test in order that she might independently verify the accuracy of the results obtained by the police. The court ordered the suppression of the test results after it was conceded by the district attorney that the ampoules were no longer in existence.

The People filed an interlocutory appeal in the district court on the adverse ruling suppressing the breath test evidence. The district court affirmed the county court ruling and remanded the case for trial. The matter proceeded to trial and defendant was convicted of the lesser included offense of driving while ability is impaired (section 42-4-1202(1)(b), C.R.S. 1973), and of careless driving.

The People again appealed to the district court and, as heretofore noted, the appeal was there dismissed. This appeal then followed.

---

[1] Now section 42-4-1202(1)(a), C.R.S. 1973.
[2] Now section 42-4-1204, C.R.S. 1973.

The People argue that the court erred in dismissing the appeal; that the results of the breath test were improperly suppressed; and that in any event the resolution of the issue of their admissibility will have a significant impact on the prosecution of future DUI cases.

It is, however, conceded by the People that any decision rendered by this court will affect neither the outcome of the litigation nor the relation of the particular parties. Under these circumstances, we consider the issues to be moot.

The judgment is affirmed.

